**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**MICHAEL DWAYNE BOLTON**                                                    **PLAINTIFF**

**v.**                                                                            **No. 2:10CV181-M-A**

**WARDEN BOBBY PHILLIPS, ET AL.**                                            **DEFENDANTS**

### REPORT AND RECOMMENDATION

On February 9, 2011, plaintiff Michael Dwayne Bolton, an inmate in the custody of the Tallahatchie County Correctional Facility with inmate number F41705, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

The plaintiff claims that on the morning of March 16, 2010, the prison officials at the Tallahatchie County Correctional Facility would not let him wear a jacket as he proceeded outside from his unit to the building where he was receiving vocational training. Shortly afterwards, he developed a severe chest cold that lasted about a month. The plaintiff, however, admitted during the hearing that he could not say for certain that the cold arose from this time outside without a jacket. The plaintiff also claims that prison officials unnecessarily delayed in handling his grievance.

---

[1] 28 U.S.C. § 1915(g).

## General Conditions of Confinement

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation. Plaintiff has not identified any "basic human need" he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581.

In this case the plaintiff claims only that a prison official told him he could not wear a jacket for a brief time on a cold day. Although the plaintiff developed a cold afterwards, he admittedly received medical treatment for the cold. As set forth above, this claim does not rise to the level of a constitutional violation. The lack of a jacket for a short time on a cold morning simply caused the plaintiff "mere discomfort of inconvenience," not a threat to his health. This allegation should be dismissed for failure to state a claim upon which relief could be granted.

In addition, the plaintiff admitted that he did not know whether his brief exposure to cool weather caused his cold. As such, the plaintiff has not alleged causation, and his complaint should also be dismissed for this reason.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 12th day of September, 2011.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE